J-A09001-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                             :          PENNSYLVANIA
                             :
              v.                 :
                             :
                             :
ADAM JOSEPH KEITHLINE        :
                             :
           Appellant         :    No. 315 MDA 2022

Appeal from the Judgment of Sentence Entered October 14, 2021
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003151-2020

BEFORE: PANELLA, P.J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY PANELLA, P.J.:       **FILED: JULY 10, 2023**

Adam Joseph Keithline appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas on October 14, 2021. On appeal, Keithline attempts to challenge the discretionary aspects of his sentence. However, as we find Keithline's appellate brief is deficient in several respects, we are constrained to affirm.

Due to our disposition a detailed recitation of the factual and procedural history is not necessary. Briefly, on July 22, 2021, Keithline entered a guilty plea to four counts each of possession of child pornography and dissemination of photo/film of child sex acts. The trial court sentenced Keithline to an aggregate term of two to six years' incarceration, followed by five years' probation. Keithline filed a timely post-sentence motion for reconsideration of sentence, which the trial court denied. This timely appeal followed.

Keithline challenges the discretionary aspects of his sentence on appeal. We review discretionary sentencing challenges with great deference to the sentencing court:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Bullock*, 170 A.3d 1109, 1123 (Pa. Super. 2017) (citations and quotation marks omitted). However, "[a] challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

To invoke this Court's jurisdiction over this issue, Keithline must satisfy a four-part test:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Keithline preserved his issues through a timely post-sentence motion to modify his sentence, and filed a timely appeal. Further, counsel has included the required Rule 2119(f) statement. We therefore review the Rule 2119(f) statement to determine if Keithline has raised a substantial question.

We must examine Keithline's Rule 2119(f) statement to determine whether a substantial question exists. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*. (citation and emphasis omitted); *see also* Pa.R.A.P. 2119(f).

Keithline "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *McAfee*, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365. "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012).

Finally,

a Rule 2119(f) statement that simply "contains incantations of statutory provisions and pronouncements of conclusions of law" is inadequate.

> Rather, only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence.

*Commonwealth v. Bullock*, 868 A.2d 516, 529 (Pa. Super. 2005) (citations omitted).

Limiting our review to Keithline's Rule 2119(f) statement, we conclude he has failed to raise a substantial question. Keithline has included what purports to be a Pa.R.A.P. 2119(f) statement in his brief. However, that statement consists of a one paragraph summary of the procedural history of this case, a one paragraph summary of boilerplate statutory provisions and pronouncements of law, and a paragraph indicating that a substantial question is raised in the argument section of the brief.

Nowhere in the statement does Keithline explain what specific provision of the sentencing code or fundamental norm underlying the sentencing process has been violated. While he includes citations to authorities relevant to a challenge to the discretionary aspects of a sentence, he does not apply those authorities or otherwise identify how the sentence imposed in this case was inappropriate. Keithline has therefore failed to set forth a substantial question to justify our review of the discretionary aspects of the sentence imposed.

Even if we had concluded that Keithline raised a substantial question, we would nevertheless find Keithline is due no relief as his brief fails to conform to other sections of Rule 2119 as well.

We recognize that

appellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

*Commonwealth v. Adams*, 882 A.2d 496, 497 (Pa. Super. 2005) (citations omitted).

Rule 2119 governs the argument section of an appellate brief. *See* Pa.R.A.P. 2119. The rule provides:

**(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

**(b) Citations of authorities.** Citations of authorities in briefs shall be in accordance with Pa.R.A.P. 126 governing citations of authorities.

**(c) Reference to record.** If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears (*see* Pa.R.A.P. 2132).

**(d) Synopsis of evidence.** When the finding of, or the refusal to find, a fact is argued, the argument must contain a synopsis of all the evidence on the point, with a reference to the place in the record where the evidence may be found.

Pa.R.A.P. 2119(a)-(d).

"This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal." *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) (citations and quotation marks omitted).

While Keithline's brief contains an argument section, it is not divided "into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a). Keithline raises 4 issues on appeal, but only divides the argument portion of his brief into 2 sections; (1) propriety of sentences imposed and (2) due process implications of sentences. While he makes reference to some of the issues raised in his statement of issues presented under these two general sections, at least one issue is abandoned entirely in the argument section.

Additionally, throughout the entirety of his argument section, Keithline fails to cite to the record. *See* Pa.R.A.P. 2119(c)-(d). Further, while Keithline's brief contains numerous references to case law, it is devoid of references to *relevant* case law. *See* Pa.R.A.P. 2119(a). The majority of Keithline's citations only serve to define legal concepts, or exist outside our jurisdiction. As with his 2119(f) statement, Keithline's argument fails to apply the authorities he cites to the circumstances here in any meaningful manner. For example, he discusses federal case law, but fails to establish its relevance here. *See* Appellant's Brief, at 21. The remainder of his citations do not support the legal positions Keithline has taken in his brief. Keithline's brief, unsupported by

references to the record or citation to relevant authority, does not provide this Court with any basis upon which to engage in meaningful appellate review.

Finally, the trial court reviewed a PSI report. Where the trial court had the benefit of reviewing a pre-sentence report, we must

> presume[] that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.

***Commonwealth v. Akhmedov***, 216 A.3d 307, 329 (Pa. Super. 2019), appeal denied, 224 A.3d 364 (Pa. 2020) (*en banc*) (citation omitted).

As Keithline failed to present a substantial question in his Rule 2119(f) statement, we may not review the merits of his claims. Further, Keithline's failure to follow the rules of appellate procedure would nevertheless foreclose our review.[1] Accordingly, we deny allowance of appeal.

Judgment of sentence affirmed. Jurisdiction relinquished.

---

[1] In addition to the discretionary aspects of sentence claims, Keithline asserted in his statement of questions presented that the trial court erred in failing to hold an evidentiary hearing on his post sentence motion. Due to the procedural defects with Keithline's brief, we do not reach this claim.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/10/2023